IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | 1:21-cr-00043-LY-2 |
| | § | |
| **JOHN LINDSEY (2)** | § | |
| *Defendant* | § | |

### Order On Petition for Action on Conditions of Pretrial Release

This matter came before the Court on March 10, 2022, for a hearing on the Pretrial Services Office's Petition for Action on Conditions of Release, filed February 17, 2022 (the "Petition") (Dkt. 30). The revocation proceeding was held in accordance with the Federal Rules of Criminal Procedure and 18 U.S.C. § 3148.

On February 23, 2021, a grand jury indicted Defendant John Lindsey on one count of Conspiracy to Possess with Intent to Distribute and Distribute Methamphetamine, in violation of 21 U.S.C. § 846. Defendant was arrested on July 2, 2021, and ordered released on conditions on July 9, 2022. Dkts. 15, 22. Docket call is set for March 18, 2022, and trial for April 11, 2022. Dkt. 29.

The Petition alleges that Defendant has violated the following conditions of his release:

> (7)(m) The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
>
> (7)(o) The defendant must participate in a program for inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

Specifically, the Petition alleges that Defendant submitted urinalysis specimens that were confirmed positive for the presence of methamphetamine on September 3, 2021; November 15,

1

2021; December 21, 2021; and January 19, 2022. Dkt. 30 at 1. Defendant denied use of illicit substances each time. *Id.* In addition, Defendant was unsuccessfully discharged from outpatient treatment services due to continuing to engage in drug use while in treatment. *Id.* The Petition states that Defendant was discharged because he was "making little progress towards achieving treatment goals," and that: "It should be noted the defendant discussed his continued use with the treatment provider, but later denied use." *Id.* Defendant admitted the allegations in the Petition during the hearing.

The Court has carefully considered the Pretrial Services Report, the Petition, the testimony of Pretrial Services Officer Kyona Stubbs, Defendant's statements, and the arguments of counsel for Defendant and for the government at the revocation hearing. Based on the uncontroverted record evidence and Defendant's admissions, pursuant to 18 U.S.C. § 3148(b)(1)(B), the Court finds by clear and convincing evidence that, as alleged in the Petition and conceded by Defendant, Defendant has violated conditions of his release (7)(m) and (7)(o) by unlawfully using controlled substances and failing to successfully complete outpatient substance abuse treatment.

Nonetheless, counsel for Defendant and the Government jointly requested at the hearing that Defendant have the opportunity to participate in a program for inpatient substance abuse therapy and counseling. The Court grants the agreed verbal motion.

Accordingly, it is **HEREBY ORDERED** that Defendant shall be **DETAINED** until **April 1, 2022**, when he shall be **RELEASED** to a program of inpatient substance abuse therapy and counseling as directed by Pretrial Services. Defendant remains subject to all conditions in the Order Setting Conditions of Release (Dkt. 22).

It is **FURTHER ORDERED** that the Petition for Action on Conditions of Pretrial Release (Dkt. 30) is **DENIED**.

## **Directions Regarding Detention**

Defendant is remanded to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SIGNED** March 10, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE