# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | 1:21-cr-00043-LY-2 |
| | § | |
| **JOHN LINDSEY (2)** | § | |
| *Defendant* | § | |

## Order On Petition for Action on Conditions of Pretrial Release

This matter came before the Court on October 26, 2022, for a hearing on the Pretrial Services Office's Petition for Action on Conditions of Release, filed October 19, 2022 (the "Petition") (Dkt. 91). The revocation proceeding was held in accordance with the Federal Rules of Criminal Procedure and 18 U.S.C. § 3148.

On February 23, 2021, a grand jury indicted Defendant John Lindsey on one count of Conspiracy to Possess with Intent to Distribute and Distribute Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B). Defendant was arrested on July 2, 2021, and ordered released on conditions on July 9, 2021. Dkts. 15, 22. Defendant pled guilty to the charge on June 30, 2022, and is set for sentencing on November 22, 2022. Dkts. 74, 81.

The Petition alleges that Defendant has violated the following condition of his release:

> (7)(m) The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

Specifically, the Petition alleges that on September 22, 2022, Defendant submitted a urinalysis confirmed positive for the presence of methamphetamine. Previously, Defendant submitted urinalysis specimens that were confirmed positive for the presence of methamphetamine on September 3, 2021; November 15, 2021; December 21, 2021; and January 19, 2022. Dkt. 27

(Bond Violation Report, September 30, 2021); Dkt. 30 (Petition for Action on Conditions of Pretrial Release, February 17, 2022). Defendant initially denied use of illicit substances each time. *Id.* In addition, on February 13, 2022, Defendant was unsuccessfully discharged from outpatient treatment services due to continuing to engage in drug use while in treatment. Dkt. 30.

The Court has carefully considered the Pretrial Services Report, the Petition, and the arguments of counsel for Defendant and for the Government at the revocation hearing. Based on the uncontroverted record evidence, pursuant to 18 U.S.C. § 3148(b)(1)(B), the Court finds by clear and convincing evidence that, as alleged in the Petition, Defendant has violated conditions of his release (7)(m) by unlawfully using a controlled substance.

Nonetheless, neither the Government nor Defendant's Supervising Officer asked the Court to detain Defendant at this time. Instead, the Government concurred with the recommendation of Pretrial Services that both Defendant's substance abuse treatment and testing for prohibited substances increase in frequency. The Court agrees with this recommendation.

Accordingly, it is **HEREBY ORDERED** that Defendant shall abide by all conditions listed in the Order Setting Conditions of Release (Dkt. 22) and follow all instructions of the U.S. Pretrial Services Office and Defendant's Supervising Officer, including submitting as required to testing for a prohibited substance and participating as directed in a program of outpatient substance abuse therapy and counseling.

It is **FURTHER ORDERED** that the Petition for Action on Conditions of Pretrial Release (Dkt. 91) is **DENIED**.

**SIGNED** October 26, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE